RECEIVED CLERK'S OFFICE

2009 OCT 15 P 2: 14

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Todd Hayes, *a.k.a. Timothy Hayes*, Plaintiff, | C/A No. 9:09-2558-MBS-BM |
| vs. | |
| Ken Williams, Administrative; W.T. Johnson, Director; M.C. Ammons, Nurse, Defendants. | Report and Recommendation |

The Plaintiff, Timothy Todd Hayes, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff was formerly a detainee at the Marion County Detention Center (MCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names MCDC employees as Defendants.[1] Plaintiff claims the Defendants have been deliberately indifferent to his medical needs and seeks monetary damages for the Defendants' actions

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."





324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the undersigned finds and concludes that the *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff's complaint states:

> I wrote to the nurse to explain that I was depressed and I need to see my mental health doctor, so she said that she [had] spoken with mental health and they said on 4-27-09 was the last appointment that I made. . . I was incarcerated in [their] Jail that is why I miss[ed] the next appointment. . . . 8-26-09 this is the date she [sent] me the memo and I still [haven't seen] a doctor. I put in a medical request form on 9-26-09 to see the nurse for my feet but the cream that she has given me broke me out and I wrote her another request to see a doctor this time and she wrote on my request that she wasn't going to send me to the doctor. She said if I go it will be at my own expense.

A medical request form attached to Plaintiff's complaint, dated September 28, 2009, indicates Plaintiff was given cream by the nurse for athlete's foot. Plaintiff has also attached a memo dated August 26, 2009 from Defendants Ammons and Johnson, in which they notify Plaintiff that the Pee Dee Mental Health Center was contacted regarding Plaintiff's request to see a mental health counselor. The Defendants were informed by the Health Center that Plaintiff was last seen on April

27, 2009, but had failed to keep every scheduled appointment since that time. The memo reflects that, due to Plaintiff's failure to pursue mental health treatment, the Detention Center would not pay for his treatment while he was incarcerated and that Plaintiff would need to make financial arrangements to pay for his mental health treatments. The memo indicates Plaintiff would be transported to the Pee Dee Mental Health Center if he made arrangements to pre-pay the cost of treatment.

Discussion

To state a constitutional claim regarding medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[2] The Supreme Court, in *Estelle v. Gamble,* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. Furthermore, in *Miltier v. Beorn,* the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

With respect to Plaintiff's claim that the Defendants refuse to provide him with mental health treatment, several court's have held that depression, when combined with other medical conditions

[2]The Plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because the Plaintiff was a pre-trial detainee confined at the Marion County Detention Center during the relevant time period. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.")

or suicidal ideation, can constitute a serious medical condition. *See Mahan v. Plymouth County House of Corrections*, 64 F.3d 14, 16, 18 (1st Cir.1995); *Torraco v. Maloney*, 923 F.2d 231, 235 n. 4 (1st Cir.1991); *Simpson v. Penobscot County Sheriff's Dept.*, 285 F.Supp.2d 75, 81 (D.Me.2003); *White v. Crow Ghost*, 456 F.Supp.2d 1096, 1102-03 (D.N.D.2006). However, to be considered "serious", a medical condition must be "one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir.1990); *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987); *Finley v. Trent*, 955 F.Supp. 642, 646 (N.D.W.Va.1997). It has also been held that "depression - even severe depression- is a normal incident of prison life." *See Martin v. Ayers*, No. 00-56805, 2002 WL 1752243 (9th Cir. July 25, 2002)(finding depression is not an extraordinary circumstance that warrants equitable tolling); *Walker v. Quarterman*, Civil Action No. L-08-2, 2009 WL 691961 (S.D. Tex. March 9, 2009)(same).

Here, Plaintiff has failed to provide any information to indicate that he has been diagnosed with depression by a doctor, or that his condition constitutes a serious medical need, which is an essential element of a deliberate indifference claim. *See Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Rather, Plaintiff simply provides some indication in his allegations that he has received mental health treatment in the past. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim of a constitutional magnitude. *White v. Crow Ghost,* 456 F. Supp. 2d at 1102 (prisoner's bare assertions that he suffered from depression and suicidal thoughts were insufficient to establish a claim of deliberate indifference); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d





72, 74-75 (4th Cir. 1994). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts sufficient to support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). . Plaintiff's bare assertion that he suffers from depression, absent any supporting factual information, is insufficient to establish a serious medical condition. Therefore, Plaintiff fails to state a cognizable claim of deliberate indifference to a serious medical need in relation to the Defendants' alleged failure to provide mental health care.

With respect to Plaintiff's complaint that the Defendants have not granted his request to see a doctor regarding his athlete's foot, Plaintiff himself acknowledges that he was seen by a nurse and was provided cream to treat this condition. Thus, the Plaintiff admits that he was given medical attention, but is simply unhappy with the medication/treatment provided and wants to see a doctor. This complaint is again insufficient to state a constitutional claim. Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases). Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, the Plaintiff clearly received medical attention for his feet. Thus, the Plaintiff's claims regarding this issue do not rise to the level of deliberate indifference.[3]

---

[3] In any event, as has been noted by other courts, it is questionable whether a skin rash even constitutes a serious medical condition. Cf. *Roberts v. Peters*, No. 96-3680, 1997 WL 657016, * *1 (7th Cir. October 16, 1997).



Finally, in so far as the Plaintiff is claiming negligence or incorrect medical treatment, any such a claim is subject to dismissal in this federal lawsuit. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Plaintiff may, of course, file a lawsuit in state court to assert such a claim. However, as negligence is not a constitutional violation and does not state a claim under § 1983, any negligence claim the Plaintiff may be asserting in this case is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

October 14, 2009

Charleston, South Carolina



p 6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

