IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Todd Hayes, a.k.a. Timothy Hayes, | ) ) C/A No. 9:09-2558-MBS-BM |
| Plaintiff, | ) ) ) |
| vs. | ) ) **O R D E R** |
| Ken Williams, Administrative; W.T. Johnson, Director; M.C. Ammons, Nurse, | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff Timothy Todd Hayes currently is confined at the Marion County Detention Center in Mullins, South Carolina. On October 1, 2009, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983, alleging that Defendants have been deliberately indifferent to his medical needs.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A, and the Prison Litigation Reform Act. The Magistrate Judge filed a Report and Recommendation on October 15, 2009 in which he recommended that Plaintiff's complaint be summarily dismissed for failure to state a cognizable claim for relief. Plaintiff filed a letter seeking to amend his complaint on October 26, 2009. Plaintiff also filed objections to the Report and Recommendation on November 30, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## I. FACTS

The facts are discussed in the Report and Recommendation. Briefly, Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs. Specifically, Plaintiff contends that Defendants W.T. Johnson and M.C. Ammons refused his request to see his mental health counselor for treatment of depression. Plaintiff further asserts that Defendant Ammons provided him a cream for treatment of athlete's foot; however, the cream made his feet worse. When Plaintiff asked to be treated by a physician, Defendant Ammons denied his request.

## II. DISCUSSION

The Magistrate Judge determined that (1) with respect to Plaintiff's allegations of depression, Plaintiff had not alleged facts to support a claim that he suffered from a serious medical need; (2) with respect to Plaintiff's allegations regarding the treatment he received for athlete's foot, the allegations do not rise to the level of deliberate indifference. Plaintiff contends that the Magistrate Judge erred in recommending summary dismissal of these issues. The court agrees in part and disagrees in part, as set forth hereinbelow.

Allegations that a prison's medical care was so deficient as to constitute deliberate indifference to objectively serious medical needs states a constitutional claim. Webb v. Driver, 313

F. App'x 591, 592 (4th Cir. 2008) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). As a general proposition, "a medical need may be deemed objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980)). In order to act with deliberate indifference, the defendant must have been personally aware of facts indicating a substantial risk of serious harm, and the defendant must have actually recognized the existence of such a risk. Id. (citing Farmer v. Brennan, 511 U.S. 825, 838, (1994)).

With respect to Plaintiff's allegation that Defendants were deliberately indifferent to his depression, the Magistrate Judge noted that depression, under some circumstances, can constitute a serious medical need. The Magistrate Judge noted, however, that Plaintiff must do more than make mere conclusory statements to state a claim of a constitutional magnitude. In response, Plaintiff provided the court with a copy of an initial clinical assessment from Pee Dee Mental Health Center which reveals that Plaintiff was diagnosed with depression and alcohol abuse. It appears that Plaintiff had attempted suicide. Plaintiff also provided the court with physician's notes from April 27, 2009, which reference anxiety and major depression.

The court cannot state as a matter of law that Plaintiff did not suffer from a serious medical need. The court declines to adopt the Report and Recommendation as to this issue.

Plaintiff filed no objection to the Magistrate Judge's determination that the complaint failed to state a constitutional claim as to the treatment provided for athlete's foot. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has

3

thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation that, at most, Plaintiff stated a claim for negligence. Negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference. See Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (citing Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir.1986)).

### III. CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge as to Plaintiff's claims regarding treatment of his athlete's foot. Accordingly, this claim is summarily dismissed. The court declines to adopt the Report and Recommendation of the Magistrate Judge as to Plaintiff's depression. This issue is recommitted to the Magistrate Judge for further pretrial handling, including disposition of Plaintiff's request to amend his complaint (Entry 13).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 17, 2009.