IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Timothy Todd Hayes, #286954, )
       ) CIVIL ACTION NO. 9:09-2558-JMC-BM
    Plaintiff, )
       )
v. )
       ) **REPORT AND RECOMMENDATION**
Ken Williams, Administrative; )
W. T. Johnson, Director; and )
M. C. Ammons, Nurse, )
       )
    Defendants. )
_____)

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a detainee at the Marion County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on May 25, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 27, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.

After receiving an extension of time, Plaintiff filed a memorandum in opposition to the Defendants' motion on June 25, 2010, following which the Defendants filed a reply memorandum

---

[1] Plaintiff is now an inmate with the South Carolina Department of Corrections, housed at the Broad River Correctional Institution. See Court Docket No. 48.



on July 2, 2010.

The Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that while he was incarcerated at the Marion County Detention Center he

> Wrote to the nurse to explain that I was depressed and I need to see my mental health doctor. So she said that she spoken with mental health and they said on 4-27-09 was the last appointment that I made they I was incarcerated in the there jail that is why I missed the next appointment . . . . 8-26-09 this is the date she send me the memo and I still haven't seen a doctor.[4]

Plaintiff seeks monetary damages. See generally, Verified Complaint.

Plaintiff has attached to his complaint a copy of a memorandum to him from the Defendant Ammons (Detention Center Nurse) thru the Defendant Johnson (Director of Detention Center) dated August 26, 2009. This memorandum states that Ammons had spoken with Pee Dee Mental Health about Plaintiff's request to be seen by them, that they reported that the last time Plaintiff went to Mental Health was April 27, 2009, and that Plaintiff had failed to keep every

---

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[4] Plaintiff's complaint also contains allegations relating to his feet, which have been dismissed. See Order filed December 18, 2009.



appointment since that time. Plaintiff was therefore advised that the Detention Center would not be sending Plaintiff to Pee Dee Mental Health at taxpayer's expense, with the memorandum stating "[i][t is strange that you only concern yourself with your mental health when you are incarcerated." This memorandum further advised Plaintiff that if he wished to make financial arrangements to pay for mental health treatment, the Detention Center would make arrangements to transport him to his appointments. See generally, Exhibit [Memorandum]. Plaintiff has also attached what appears to be a computer printout of his incarceration history showing that he was admitted to the Marion County Detention Center on April 29, 2009 on a public drunkenness charge, and that he had thereafter been released on May 11, 2009 for time served. Plaintiff was then readmitted on May 18, 2009, released the following day, re-incarcerated on August 7, 2009, and apparently continued to be incarcerated after that date through the date of the complaint (September 28, 2009).[5]

In addition to these exhibits, in response to an initial Report and Recommendation for Dismissal of this claim on the grounds that Plaintiff had done no more than make conclusory statements failing to set for a claim of a constitutional magnitude, Plaintiff submitted a copy of a July 2008 initial clinical assessment from the Pee Dee Mental Health Center showing that he had been diagnosed with depression and alcohol abuse, and had apparently at one point attempted suicide. See Exhibit, Mental Health Center Clinical Assessment dated July 10, 2008.[6] Plaintiff also provided a copy of what appeared to be physician's notes from April 27, 2009 which, although difficult to read, appear to reflect a diagnosis of depression with complaints of anxiety. See Exhibit [Physician Notes

---

[5] See also, Johnson Affidavit, and attached Exhibit A.

[6] It is noted that this was over a year prior to the period of incarceration at issue and the filing of this lawsuit.



dated April 27, 2009].[7]

Further, in a document filed October 26, 2009, which was docketed as an amendment to Plaintiff's complaint,[8] Plaintiff complains about not receiving hygiene items and about the number of envelopes he received per week as an indigent. Plaintiff also complains that there is no legal library at the Detention Center. Plaintiff has attached as an exhibit to this document a memorandum (which apparently is issued by the Detention Center) entitled "What you can expect while at Marion County Detention Center", on which Plaintiff has highlighted the entries "indigent inmates will be allowed to mail two letters a week" and "if you do not have money you will be provided basic hygiene items after 24 hours." See generally, "Amended Complaint" with attached Exhibit.

In support of summary judgment in the case, the Defendant Mary Ammons has submitted an affidavit wherein she attests that she is employed as an LPN at the Marion County Detention Center. Ammons attests that she is familiar with Plaintiff's medical treatment, and has attached a true and complete copy of Plaintiff's medical file from when he was incarcerated at the Detention Center as Exhibit A to her affidavit. Ammons attests that on August 26, 2009, she received a request from the Plaintiff for a referral and report to be evaluated by Pee Dee Mental Health for depression, following which she contacted Pee Dee Mental Health in Florence to inquire into Plaintiff's treatment status. Ammons attests that she spoke to the scheduling clerk, who advised that Plaintiff was last seen on April 27, 2009 and had missed two appointments and failed to follow up his schedule since that time. A scheduling clerk further advised that Plaintiff was to be released as

---

[7] Based on these submissions, service of process for Plaintiff's depression claim was allowed to proceed at that time. See Order filed December 18, 2009.

[8] This document is *unverified*. Therefore, the factual allegations contained in this document have not been considered as evidence in this case. Williams, 952 F.2d at 823. See, n. 3, supra.

4



a patient due to his failure to cooperate. Ammons attests that she then spoke to Plaintiff's counselor at Pee Dee Mental Health, who confirmed that Plaintiff was to be terminated as a patient. Ammons attests that there was no demand or recommendation from anyone at Pee Dee Mental Health that Plaintiff needed to be seen, immediately or otherwise.

Ammons attests that based on her previous treatment of the Plaintiff and her conversations with personnel at Pee Dee Mental Health, there was no serious medical need that required immediate medical attention with regard to Plaintiff's request for treatment. Ammons further attests that she wrote the memorandum dated August 26, 2009 (attached as exhibit B to her affidavit) advising Plaintiff that he would not be transported to Pee Dee Mental Health at taxpayer's expense, but that if he made payment arrangements and was given an appointment at Pee Dee Mental Health, travel arrangements would be made on his behalf. Ammons attests that to her knowledge no further efforts were made by Plaintiff to obtain any treatment, and that he had not had any mental health treatment of which she was aware since April 2009. See generally, Ammons' Affidavit, with attached Exhibits.

The Defendant W. T. Johnson has also provided an affidavit wherein he attests that he is the Director of the Marion County Detention Center. Johnson attests that Plaintiff was incarcerated at the Detention Center on several occasions in 2009, most recently (for purposes of this lawsuit) from April 29, 2009 through May 11, 2009; May 18, 2009 through May 19, 2009; and August 7, 2009 up to the current date. Johnson has attached a copy of Plaintiff's booking reports with arrest and release dates to his affidavit as Exhibit A. Johnson attests that with respect to Plaintiff's complaints about receiving hygiene items and envelopes, all inmates when initially booked are provided with a tube of toothpaste, a bar of soap, and other hygiene items in an intake package.



Johnson attests that Plaintiff was provided these items initially upon intake. Further, if an inmate is considered to be indigent, after thirty days they are provided another tube of toothpaste, a bar of soap, and a container of deodorant once a month. Johnson attests that Plaintiff was provided these items. Johnson further attests that, once Plaintiff's indigent status was established, he was provided paper and stamped envelopes on a monthly basis. See generally, Johnson Affidavit with attached Exhibits.

As attachments to his response in opposition to summary judgment, Plaintiff has submitted several exhibits, including some documents which have previously been referenced (such as the memorandum dated August 26, 2009). Among Plaintiff's exhibits is an affidavit dated June 16, 2010 wherein Plaintiff attests that he wrote a medical request to see his mental health doctor, following which Ammons called him into her office and "said let her call my doctor and see." Plaintiff attests that he was then sent the memorandum explaining why he was not being sent to see his doctor. Plaintiff also attests that "the next problem was the County not want to give me hygiene items and envelopes . . . .", referencing his Exhibits B and C (both of which post date the filing of this lawsuit). Plaintiff's Exhibit B is a copy of an inmate request dated October 8, 2009 wherein Plaintiff is requesting some toothpaste and envelopes, with Plaintiff being advised that "at this time the Marion County Detention Center have no indigent kit to give out . . . .". Plaintiff's Exhibit C, which is a copy of the Detention Center's "Policies and Procedures Manual", and is dated December 3, 2009, reflects that the County at that time did not have any paper or pencils to pass out yet, but that Plaintiff had been provided with two stamped envelopes, a container of deodorant, a bar of soap and a tube of toothpaste. Plaintiff's Exhibit D is a "Form for Physicals" dated August 12, 2009, which reflects that, in response to the question: "Mental Illness - If yes, where were you treated?", Plaintiff responded "don't have mental problem but call my mental health doctor." Plaintiff's Exhibit E is a



copy of a medical request form dated March 2, 2010 wherein Plaintiff is requesting an appointment to see the "mental health doctor", and which contains the response "asked for and answered before. The Nurse".

Plaintiff has also provided copies of two booking reports, one of which (dated April 29, 2009) reflects that he is on Pristia, which Plaintiff indicates is a depression medication. <u>See Plaintiff's Exhibits F and J</u>. Plaintiff's Exhibit H is a copy of a memorandum to him dated August 2, 2010 from Nurse Ammons, relating to a request she had received from the Plaintiff for a phone call to Pee Dee Mental Health. Ammons responded in part as follows: "I am totally unsure as to why you wrote this request to me. You do not need my permission to call anyone. You are free to call Pee Dee Mental Health if you so choose." Plaintiff's Exhibit I is a medical request form dated August 26, 2009 wherein Plaintiff asked to see a doctor about his depression as soon as possible. The medical request form contains a notation that Plaintiff had not "bothered to go to [Pee Dee Mental Health] since April 27, 2009." Plaintiff is advised in response to his request that he can go to any doctor he can afford to pay for for his depression, and that if he gets "too depressed I will move you to a holding cell . . . .". Plaintiff's Exhibit K is a copy of a health appraisal dated August 12, 2009, signed by the Defendant Ammons, on which she noted that Plaintiff was totally non-compliant with respect to his complaints of asthma, and further states that Plaintiff "never sees a doctor unless he is in jail". Plaintiff's Exhibit N is a Detention Center form for physicals dated January 22, 2010, which reflects that, in response to the following the question: "have you or do you now have any of the following"?, under mental illness, the notation "no".

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers



to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

As a pre-trial detainee during the time period set forth in the complaint, Plaintiff's claims are evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). The Eighth Amendment is used to evaluate conditions of confinement for those convicted of crimes. However, for purposes of consideration of Plaintiff's claims, the standard of whether Plaintiff received constitutionally adequate medical care is essentially the same. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]. Under this standard, in order to proceed with a claim under § 1983 for denial of medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).

Plaintiff has failed to submit any such evidence. Rather, the evidence merely shows that Plaintiff submitted requests to be seen by Pee Dee Mental Health for complaints of depression. There is no evidence showing that Plaintiff was suffering from any serious depressive symptoms at that time which would have required emergency or even continuous medical care. It is also undisputed in the evidence that Nurse Ammons contacted Pee Dee Mental Health in April 2009, and was advised that Plaintiff was being released from their practice due to failure to cooperate and that no one at Pee Dee Mental Health advised Nurse Ammons that Plaintiff was suffering from any serious illness. It is also readily apparent that Plaintiff was not subject to continuous incarceration during the relevant time period, but was only an inmate at the Detention Center sporadically, and there is no evidence to show that when Plaintiff was not at the Detention Center he was receiving any mental health care or was being treated by any physician at Pee Dee Mental Health or anywhere else for depression.

The Defendant Ammons, a registered nurse, attests in her affidavit that Plaintiff had no serious mental health needs during the relevant time period that required immediate medical attention, and Plaintiff's medical records, which have been submitted by the Defendants as an exhibit, further reflect that Plaintiff received regular assistance and care for his various medical complaints, from asthma treatments all the way down to being allowed to cut his toenails. Nothing in these medical records gives rise to a genuine issue of fact as to whether any named Defendant was deliberately indifferent to Plaintiff's serious medical needs, nor do they show that Plaintiff suffered



9

any injury or aggravation of a medical condition of depression based on the decisions made. Plaintiff, by contrast, only generally alleges in his complaint that medical personnel refused to provide him the treatment he desired. Such allegations are not sufficient to allow this claim to proceed. See Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]). While Plaintiff may not agree with the extent and nature of the medical care he received, he cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate medical care or attention, otherwise provide no supporting evidence, and expect to survive summary judgment, particularly when the Defendants have submitted medical documents which refute his claims. See Kersh v. Bounds, 501 F.2d 585, 588-589 (4th Cir. 1974); Willis v. Newman, No. 08-422, 2008 WL 2906375 (W.D.Va. July 28, 2008)["Indeed, in the context of short-term incarceration, states may deny inmates elective treatment.[9]"]; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705,

---

[9]The Jail is not a facility for long-term incarceration.



1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennen, 511 U.S. 825, 837 (1994).

Plaintiff may, of course, pursue a claim in state court if he believes the medical care he received while at the Detention Center was inadequate. However, the evidence before the Court is insufficient to raise a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs, the standard for a constitutional claim, and therefore Plaintiff's federal § 1983 medical claim should be dismissed. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Estelle v. Gamble, 429 U.S. 97, 106 (1976)["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

With respect to Plaintiff's added claims concerning receiving hygiene items and envelopes, as well as that there was no law library at the jail, these claims are also without merit, as Plaintiff has submitted no evidence to show a violation of his constitutional rights. During the time period set forth in the complaint, Plaintiff was an inmate in a County jail, not a hotel. It should be expected that conditions in such a setting are often times less than ideal. Lunsford v. Bennett, 17 F.3d 1574, 1581 (7th Cir. 1994); Hadley v. Peters, No. 94-1207, 1995 WL 675990 * 8 (7th Cir. 1995), cert. denied, 116 S.Ct. 1333 (1996) ["prisons are not required to provide and prisoners cannot expect



the services of a good hotel."] (quoting Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988)). Plaintiff's own exhibits show that he received hygiene supplies during his period of incarceration at the jail, and even if he failed to receive these items as frequently as provided for in the jail's own guidelines, he has failed to show that a violation of his constitutional rights occurred as a result. Levy, 1997 WL 112833 ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)["Deliberate indifference is a very high standard - a showing of mere negligence will not meet it."]; A.P. ex rel. Bazerman v. Feaver, No. 04-15645, 2008 WL 3870697 at *12 (11th Cir. Aug. 21, 2008)["[D]eliberate indifference requires a much higher standard of fault than mere or even gross negligence . . . ."]; Kidwell v. Buchanan, No. 93-15056, 1993 WL 230224 at **1 (9th Cir. June 29, 1993) [Where temporary restriction of amenities was found not to be cruel and unusual punishment]; See also Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["[O]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"]; Harris v. Fleming, 839 F.2d at 1235 [prisoner deprived of toilet paper, soap, toothpaste and toothbrush while kept in filthy, roach infested cell suffered no punishment when no physical harm resulted]; Wilson v. Cook County Bd. of Commissioners, 878 F.Supp. 1163, 1167-1168 (N.D.Ill. 1995) [pretrial detainee failed to establish that overcrowding, inadequate staffing, inadequate opportunity for exercise, and inadequate grievance procedures in detention facility violated detainee's due process rights, as detainee failed to allege remedial injury].

Plaintiff has also failed to present any evidence too create a genuine issue of fact as to whether he was denied adequate access to the courts. Indeed, Plaintiff's own numerous filings in this case belie this claim. Further, in order to pursue a claim for denial of access to the courts,



Plaintiff must not only allege facts sufficient to show that he was denied access to the courts, but that he suffered some actual injury or specific harm. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; Hause v. Vaught, 993 F.2d 1079, 1084-1085 (4th Cir. 1993). Plaintiff has failed to make any such showing. Additionally, the mere fact that the Detention Center did not have a law library, even if assumed to be true for purposes of summary judgment, does not establish a valid claim, as County jail facilities are not even required to have law libraries. Barr v. Williamsburg County, No. 06-3577, 2007 WL 666793 at * 3 (D.S.C. Feb. 27, 2007)["[C]ounty jails and county detention centers are not required to have law libraries."](citing Magee, 810 F.2d at 452). These additional claims are therefore without merit.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted,** and that this case be dismissed.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September  20 , 2010

Charleston, South Carolina



13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

