IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Timothy Todd Hayes, #286954, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Ken Williams, Administrat[or]; )<br>W.T. Johnson, Director; and )<br>M.C. Ammons, Nurse, )<br>)<br>Defendants. )<br>_____) | C.A. No. 9:09-cv-02558-JMC<br><br>**ORDER** |

The *pro se* plaintiff brings this action under 42 U.S.C. § 1983. The Magistrate Judge's Report and Recommendation [Doc. 51], filed on September 20, 2010, recommends Defendants' Motion for Summary Judgment [Doc. 34] be granted and that this action be dismissed in its entirety. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their rights to file objections to the Report and

1

Recommendation. [Doc. 51, at 14]. Plaintiff requested an extension of time to file a response to the Report and Recommendation because he had not been able to obtain his medical reports from certain medical providers and he believes that such medical reports are necessary for his claim. [Doc. 53]. The court granted Plaintiff an additional fifteen (15) days to respond to the Report and Recommendation. [Doc. 55]. Thereafter, Plaintiff requested other extensions of time to file a response [Doc. 53, 58, 59] and to seek the court's assistance with subpoenas [Doc. 58-1, 58-2] because he had not received any medical records from his medical providers. The court granted Plaintiff's requests. [Doc. 65].

On February 28, 2011, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. [Doc. 70]. Following the court's approval of an extension of time to file a response, Defendants filed a response in opposition to Plaintiff's objections. [Doc. 74].

In his objections, Plaintiff restates that Defendants violated his rights under 42 U.S.C. § 1983 by conspiring and acting with deliberate indifference to his alleged serious medical needs. More specifically, Plaintiff claims that Defendants did not provide him with certain hygiene items or envelopes and that the Marion County Detention Center violated their policies and procedures. Plaintiff further contends that he had been diagnosed with depression pre-incarceration and given prescription medication but Defendant Nurse Ammons, an LPN employed by the Marion County Detention Center, was not qualified to prescribe him prescription medication for his condition of depression or adequately diagnose him with any other mental illness, which resulted in him receiving inadequate medical attention. Plaintiff submitted additional information and medical records in support of his objections. Plaintiff contends that these documents show that Defendant Nurse Ammons is not qualified to diagnose his mental condition, yet has in fact done so; that the reason he was discharged from medical care is because of his incarceration, not because he missed an

appointment; and that he made progress in making his medical appointments.

According to the Fourth Circuit,

> Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the eighth amendment. To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. Nevertheless, mere negligence or malpractice does not violate the eighth amendment.

*Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990) (citations omitted).

Responding to Plaintiff's contentions, the court notes that these issues were previously addressed in Defendants' Motion and Memorandum in Support of Summary Judgment and the Magistrate Judge's Report and Recommendation.[Doc. 34-1]. The court finds that Plaintiff has presented no evidence that his condition of depression or any other mental illness was not properly diagnosed and treated or that Defendants were not attentive to his medical needs. The Court further finds that in reviewing Plaintiff's entire medical file from the Pee Dee Mental Health Center that Plaintiff missed six of ten scheduled visits with the Pee Dee Mental Health Center, was not incarcerated during the period of time that such visits were scheduled, and has presented no evidence that the decision to discharge him from the health center was made by any of Defendants herein. Defendants submitted an affidavit indicating that Plaintiff was provided hygiene items and envelopes at his initial intake as well as during his sporadic periods of incarceration. Thus, Plaintiff has not shown a violation of his constitutional right in this regard. The Magistrate Judge correctly concluded that Plaintiff did not present evidence sufficient to create a genuine issue of material fact that any of these Defendants were deliberately indifferent to his alleged serious medical needs or other issues raised in his objections. The Magistrate Judge appropriately addressed these issues and determined

3

that Defendants did not violate Plaintiff's rights under 42 U.S.C. § 1983.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 34] is granted and that this action is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

s/J. Michelle Childs<br>United States District Judge

Greenville, South Carolina
March 23, 2011